CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 31 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

**JAMES RANDY DRAPER,**
**Plaintiff**

**v.**

**SOUTHERN HEALTH PARTNERS, et al.,**
**Defendants**

**Civil Action No. 7:05-cv000330**

**MEMORANDUM OPINION**

**By: Hon. James C. Turk**
**Senior United States District Judge**

Plaintiff James Randy Draper, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction under 28 U.S.C. § 1343. Plaintiff Draper challenges his medical treatment at the New River Valley Regional Jail. Upon consideration of the complaint, the court is of the opinion that it should be dismissed summarily pursuant to 42 U.S.C. § 1983.

I.

Draper's claims arise from the following alleged events. Draper entered the New River Valley Jail ("Jail") on December 16, 2004. Draper submits medical records from New River Medical Associates, Inc. that show that prior to his incarceration, Draper was prescribed Lortab and Flexeril for symptoms of rheumatoid arthritis.[1] On January 15, 2005, he requested to be seen by the jail nurse and was seen by the medical staff. Southern Health Partners (SHP) is contracted with the Jail to provide medical services to inmates. On January 20, 2005, Dr. Frederick Moses examined Draper. Dr. Moses is an emergency room physician who is under contract with Southern Health Partners to provide physician services for the Jail. Dr. Moses is neither an employee of Southern Health Partners nor of the Jail, but rather, is an independent contractor.

[1]Rheumatoid arthritis is an autoimmune disease that causes chronic inflammation of the joints. Lortab is a prescription narcotic analgesic with acetaminophen that is used for pain relief. Flexeril is a muscle relaxant. See http://www.medicinenet.com/rheumatoid_arthritis/article.htm, http://www.medicinenet.com/cyclobenzaprine/article.htm. and http://www.medicinenet.com/hydrocodoneacetaminophen/article.htm.

Dr. Moses prescribed Motrin for Draper's arthritis.[2] Dr. Moses states that Motrin is a standard treatment for rheumatoid arthritis, and that he would have prescribed the same treatment had he seen Draper in the emergency room. Draper saw Dr. Moses again on March 23, 2005, and the prescription for Motrin was continued. Draper saw Dr. Moses for a third visit on July 12, 2005, when Dr. Moses again continued the Motrin prescription. Dr. Moses states that Draper informed him at that visit that the Motrin had been helping. Dr. Moses has not seen Draper since July 12, 2005. On September 23, 2005, Draper advised the court that he has been moved to the Powhatan Receiving Correctional Center.

Draper claims that he was "denied the medication to slow down his rheumatoid arthritis". He requests relief in the form of money damages.

II.

This court finds that Draper's allegations fail to state any claim of deprivation of a constitutionally guarded entitlement. In order to make an Eighth Amendment claim under § 1983, Draper must establish that officials responsible for his medical care as a state prisoner, such as SHP and Dr. Moses, were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves two components, one objective and one subjective. First, Draper must demonstrate that the deprivation was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In order to be sufficiently serious, a medical need must be one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Hunter v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The second component is met if the SHP or Dr. Moses are "deliberately indifferent," that is if they "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145

[2]Motrin is a non-steroidal anti-inflammatory drug that is used for pain management and inflamation. See http://www.medicinenet.com/ibuprofen/article.htm.

F.3d 164, 168-69 (4th Cir. 1975). A claim concerning a disagreement between an inmate and medical personnel regarding course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgement are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim. Estelle, 429 U.S., 105-106.

Draper's rheumatoid arthritis meets the "sufficiently serious" component. In his January 20th, 2005 visit with Dr. Moses, his rheumatoid arthritis was recognized and treated by Dr. Moses. In seeing and treating Draper, SHP and Dr. Moses were not deliberately indifferent to his illness, nor did they disregard risks to his health. Dr. Moses evaluated Draper's health and prescribed treatment according to his best medical judgement. Dr. Moses' treatment of Draper's rheumatoid arthritis did not differ than the treatment he would have prescribed outside of the Jail.

In conclusion, the court finds that Draper's allegations fail to present any claim for relief under §1983. To the extent that Draper alleges facts stating possible claims under state law, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. 1367 (c). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 21st day of October, 2005.

James C. Turk
Senior United States District Judge